UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

OLIVER M. BOLING,

Petitioner,

vs.

WARDEN M. L. Rivera, U.S. PAROLE COMMISSIONER,

Respondent.

**C/A No. 4:10-2957-CMC-TER**

REPORT AND RECOMMENDATION

The *pro se* Petitioner filed a petition for writ of habeas corpus on November 15, 2010, pursuant to 28 U.S.C. § 2241[1]. Respondent filed a Motion to Dismiss or in the alternative for Summary Judgment on March 15, 2011. The undersigned issued an order filed March 17, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the Motion to Dismiss or in the Alternative Summary Judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on April 25, 2011.

---

[1] This habeas corpus case was automatically referred to the undersigned United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

**SUMMARY JUDGMENT**

As stated above, the Respondent filed a return and memorandum of law in support of the motion for summary judgment. Petitioner filed a response in opposition to Respondent's motion for summary judgment.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the

fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## ABUSE OF WRIT/SUCCESSIVE PETITION

Respondent asserts the current petition constitutes a successive petition and is an abuse of the writ doctrine. Specifically, Respondent argues that "[w]hen a prisoner files multiple petitions for habeas corpus relief, he may become subject to the abuse of the writ or successive petition doctrine." (Respondent's brief, p. 7). Respondent contends Petitioner has filed at least ten prior

petitions and has already litigated and lost the claim that the Parole Commission improperly applied federal guidelines and thereby violated the Ex Post Facto Clause. (C.A. No. 4:04-3078).

In the petition, Petitioner argues that "[o]n December 3, 2003, the U.S. Parole Commission conducted a reparole hearing on petitioner and again, used improperly federal guidelines on petitioner." (Petition, p. 4). Petitioner argues that "[o]n June 5, 2004 the U.S. Parole Commission reopened Petitioners granted presumptive parole date for April 9, 2005 pursuant to. . . federal guidelines." (Id.). Petitioner asserts that 6 months later the "U.S. Parole Commission issued a order that petitioner must serve a 15 year "reconsideration hearing until now 2018 pursuant to federal guidelines 28 C.F.R. 2.12(b) and 2.14(c) . . ." (Id.).

Prior to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and the ensuing changes to the federal habeas statutes, 28 U.S.C. § 2244 authorized dismissal of a successive habeas petition that presented "no new ground not heretofore presented and determined." McClesky v. Zant, 499 U.S. 467, 483, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). That version of § 2244(a) provided:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such an inquiry.

Applying this version of the statute, the Supreme Court of the United States held that raising a new claim in a subsequent habeas petition that could have been raised in a prior petition was an abuse of the writ. McClesky v. Zant, 499 U.S. 467, 489 (1991). However, with the 1996 statutory amendments, § 2244(a) now reads:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as governed in section 2255.

Although the new AEDPA version of § 2244(a) does not expressly apply to habeas cases filed pursuant to § 2241, applicable case law holds that § 2244(a) bars successive petitions under § 2241 directed to the same issue.[2] Gates v. Stansberry, No. 07-1212, 2008 WL 2165998, at * 3-4 (E.D.Va. May 23, 2008); *See* Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998); Chambers v. United States, 1106 F.3d 472, 475 (2d Cir. 1997); Peagler v. Yancey, 2006 WL 2434037 (D.S.C. 2006); Singletary v. Dewalt, 2005 WL 1162940 (E.D.Va. 2005); Queen v. Smith, 2005 WL 1377835 (M.D.Pa. 2005).

As previously stated, Petitioner has filed at least ten prior petitions for writ of habeas corpus as set out in Respondent's memorandum and exhibits. The first known case, captioned Boling v. United States, was filed in the United States District Court for the District of Columbia on January 25, 1990, and denied on March 27, 1990. (See Respondent's Exhibit #13, Case No. 90-175).

On June 16, 1997, Petitioner filed a case captioned Boling-Bey v. Barry, in the D.C. Superior Court. The petition was denied on July 24, 1997. (Respondent's Exhibit #14, Case No. SP1563-97).

On December 8, 2000, Petitioner filed another petition for writ of habeas corpus in D.C. Superior Court which was denied on February 9, 2001. (Respondent's Exhibit #15, Case No. SP3248-00).

On February 7, 2001, Petitioner filed another habeas petition in the D.C. Superior Court, which was denied as moot on July 13, 2001. (Respondent's Exhibit #16, Case No. SP379-01).

---

[2]The Fourth Circuit Court of Appeals has not ruled on this issue.

Petitioner filed a fifth petition for writ of habeas corpus on February 21, 2001, in D.C. Superior Court which was denied on May 11, 2001. (Respondent's Exhibit #17, Case No. SP550-01).

On May 25, 2001, Petitioner filed a petition in the United States District Court for the District of Columbia. The petition was denied on July 26, 2002. (Respondent's Exhibit 19, Case No. 01-cv-1140, captioned Boling-Bey v. Barry, No. 01-cv-1140.)

On November 5, 2003, Petitioner filed a habeas petition in federal court captioned Boling v. Connors, 03-cv-2264 (U.S.D.C., D.D.C.). The petition was dismissed without prejudice the same day. (Respondent's Exhibit 21).

On March 5, 2004, Petitioner filed a petition for writ of habeas corpus in the U.S. District Court for the District of Kansas, captioned Boling v. Mundt, No. 04-cv-3078 (U.S.D.C., D. Kan.). A copy of the Petition (Case No. 04-3078) is attached as Exhibit 21. Petitioner alleged that the Parole Commission failed to apply District of Columbia parole guidelines to his case, violating the *Ex Post Facto* Clause. Petitioner argued that the Parole Commission did not have good cause to depart from the parole guidelines and "double-counted" by using the same factors to depart from the guidelines as were used to establish the parole guidelines. The United States District Court for the District of Kansas dismissed the petition on March 26, 2007, finding no merit to Petitioner's argument with regard to the *Ex Post Facto* Clause. Further, the Court found that ". . . petitioner's claim that the D.C. Board's exercise of its discretion would have resulted in a more lenient decision regarding petitioner's release on parole is speculative at best, and fails to demonstrate that the Commission's application of the guidelines subjected petitioner to any significant risk of prolonging

his incarceration." (Respondent's Exhibit 22, p. 7, copy of March 26, 2007, judgment and related documents).

On May 5, 2005, Petitioner filed a petition for a writ of habeas corpus with the United States District Court for the Middle District of Pennsylvania in which he alleged that he was denied due process of law because of defects in the issuance and execution of the parole violator warrant issued by the D.C. Board of Parole in 1999. The court denied the petition on October 13, 2005. (Respondent's exhibit 24, Order and Memorandum).

On August 31, 2005, Petitioner filed a complaint alleging deprivation of civil rights in violation of 42 U.S.C. 1983. The caption was Boling-Bey v. U.S. Parole Commission, et. al., No. 05-cv-1732 (U.S.D.C.-D.D.C.). (Respondent's exhibit 24, Case No. 05-cv-1732). The district court transferred the case to the District of Kansas. (Respondent's Exhibit 26). Petitioner filed an appeal which was denied. Therefore, the case was transferred to the United States District Court for the District of Kansas as Case No. 07-3283. The court concluded that the case was actually an unsubstantiated challenge to the merits of the Parole Commission's January 2005 parole determination. The case was dismissed by order dated June 11, 2008. (Respondent's Exhibit 27, June 11, 2008, Judgment and related documents.).

On May 10, 2007, Petitioner filed another habeas petition with the United States District Court for the Middle District of Pennsylvania in which he challenged reopening of his case in 2004 and voiding the Commissioner's December 19, 2003, notice of action. Again, Petitioner was challenging the Commissioner's January 5, 2005, notice of action which gave an outside-the-guideline determination. The Court found that the validity of that decision previously was adjudicated in the court's order of March 26, 2007. See Boling v. Mundt, Case no. 04-cv-3078

(U.S.D.C., D. Kan.). The court dismissed the 2007 petition on July 31, 2007, as "an abuse of the writ." (Respondent's Exhibits 22 and 29).

In the current petition before this court filed November 15, 2010, Petitioner asserts that he was convicted in the Superior Court of the District of Columbia. Petitioner alleges that his constitutional rights have been violated because the U.S. Parole Commission applied stricter guidelines than would have been applied under the old D.C. Parole Guidelines. As previously stated, Petitioner alleges that the U.S. Parole Commission improperly applied to his case "federal" guidelines as opposed to applying the "former D.C. Board of Parole guidelines." He asserts that he was a District of Columbia parolee [inmate] not a "federal" inmate and since his initial parole hearing was held before August 5, 1998, the Commission should have applied the parole guidelines of the former D.C. Parole Board. Petitioner argues that the Commission's actions violated his due process rights. In his response in opposition to summary judgment, Petitioner argues that he has never filed a petition arguing that the Commission violated its "own regulations when it failed to conduct his hearings using the former guidelines of the D.C. Parole Board." (Response, p. 10). Thus, Petitioner asserts that he has not raised the identical issues before, that he could not have raised the claim until now because he did not learn that the Commission used the wrong regulation until August, 2010, and his petition is not successive.[3]

---

[3] In Respondent's motion for summary judgment, Respondent states that Petitioner has identified no retroactive law that increases his penalty to prevail on an *ex post facto* claim. Respondent asserts that Petitioner "...refers to a letter dated August 9, 2008, which is supposedly attached as an exhibit, but it is not included among the papers forwarded to respondent or listed on the court docket." (Respondent's memorandum, doc. # 23, p. 10). A review of the petition reveals that Petitioner raises the following as Ground One "Improper application of 'Federal' Regulations Guidelines on D.C. Code Inmate." In the column, Petitioner states "see letter attached to Exhibits dated Aug 9, 08." (Doc. #1, p.4). However, Petitioner did not attach said letter or any exhibits to

(continued...)

The abuse of the writ doctrine bars successive habeas petitions which raise matters already adjudicated in a previous petition. See Zayas v. INS, 311 F.3d 247, 252-53 (3rd Cir.2002); Mendez v. United States, 2004 WL 3327911, *2 n. 1 (E.D.N.C.2004). The abuse of the writ doctrine, as set forth in McClesky v. Zant, 499 U.S. 467, 489 (1991), was not supplanted by the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which prohibits second or successive habeas petitions which raise matters already adjudicated in a previous petition, and requires second successive petitioners raising new claims to be authorized by the appropriate court of appeals. See Zayas, 311 F.3d at 252-53; 28 U.S.C. §§ 2244(b) and 2255. Although some circuits have found that the "gatekeeping" provisions of §§ 2244(b) and 2255 do not apply to petitions filed under § 2241, such petitions may nonetheless be dismissed if they constitute abuse of the writ. Zayas, 311 F.3d at 255-56. Thus, assuming for the sake of argument, this is not the same claim, it is still subject to dismissal under the abuse of writ doctrine because Petitioner has failed to show any cause or prejudice or a fundamental miscarriage of justice. Clearly in previous cases, including but not limited to, the 2007 case filed in the District Court of Kansas, ( see order, doc. #23-22), Petitioner challenged the application of "federal" guidelines. Petitioner fails to show cause why he could not have challenged the application of the "federal" guidelines on the same arguments presented in this case. Therefore, this action should be dismissed as an abuse of the writ.

Furthermore, the petition should be dismissed as a successive petition. Petitioner has filed many petitions for habeas relief, had every opportunity to litigate his habeas corpus claims and, furthermore, he is bound by the prior decisions of the courts. Although Petitioner has not challenged the Parole Commission's application of "federal" guidelines on due process grounds, he has challenged the application on other grounds. In other words, although Petitioner asserts

---

[3](...continued)
his petition and did not discuss nor provide said letter in response to Respondent's motion for summary judgment even though he attached numerous exhibits to his response.

additional arguments in his present petition for why he is entitled to relief, he is still asserting the same underlying claim. See Bakenhus v. Rivera, 2009 WL 559925 (D.S.C. March 3, 2009) (unpublished). Accordingly, because the grounds raised in the instant petition could have been raised in Petitioner's prior habeas petitions and/or were actually adjudicated on the merits by the district courts in prior habeas petitions, Petitioner's claims should be denied and this petition dismissed with prejudice as a successive petition under 28 U.S.C. §2244(a).

## CONCLUSION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (document #23) be GRANTED and Petitioner's petition for Writ of Habeas Corpus should be denied, and this Petition dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 5, 2011
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**