IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Oliver M. Boling, | ) | C/A NO. 4:10-2957-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden M.L. Rivera; U.S. Parole | ) | |
| Commission, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On October 5, 2011, the Magistrate Judge issued a Report recommending that Respondents' motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on October 21, 2011, and additional material in support of his objections on November 15, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts in part the Report and Recommendation by reference in this Order. The court disagrees with the portion of the Report which seemingly relies upon the number of petitions, versus the petitions' substance, to recommend dismissal of this matter for abuse of the writ. Additionally, the Report fails to differentiate between Petitioner's status as a District of Columbia prisoner and individuals convicted of offenses in United States District Courts, and the difference this status has on whether 28 U.S.C. § 2244 applies to bar Petitioner's application.

In the current § 2241 application, Petitioner challenges the process by which the United States Parole Commission (USPC)[1] reopened a December 2003 parole hearing, rescinded his presumptive parole date of April 9, 2005, and set a reconsideration date for 2018.[2] Petitioner raises three related claims. First, Petitioner maintains that the USPC erred in applying parole guidelines for federal inmates (those incarcerated after conviction in a United States District Court) versus guidelines for District of Columbia (D.C.) inmates. Second, Petitioner contends that the USPC was

---

[1]The USPC assumed responsibility for making parole release determinations for all eligible D.C. Code offenders as part of the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (hereinafter "Revitalization Act") (codified at D.C. Code § 24-131(a)(1)).

[2]Petitioner does not dispute that he receives interim hearings approximately every two years.

without "statutory authority" to apply these guidelines, and that the USPC "must" apply D.C. parole guidelines because Petitioner's initial parole hearing was prior to August 5, 1998. Third, Petitioner asserts that he was denied procedural due process because the USPC has continued to use and apply the "wrong" guidelines during his interim hearings. *See generally* Pet. (ECF No. 1, filed Nov. 15, 2010).

Respondents contend that this matter should be dismissed because the "current petition constitutes a successive petition" and that Petitioner is a "serial writ abuser." Mot. to Dismiss at 1, 4 (ECF No. 23, filed Mar. 15, 2011). Respondents argue that "[w]hen a prisoner files multiple petitions for *habeas corpus* relief, he may become subject to the abuse of the writ or successive petition doctrine." Mem. Supp. at 7. Respondents contend that "[t]he doctrine provides that a federal court need not entertain a *habeas* petition where the issue was decided in a prior petition." *Id*. Respondents cite 28 U.S.C. §§ 2244(a) and 2244(b) in support of this proposition.

Petitioner has responded in opposition, indicating that he could not have included his current grounds for relief in earlier petitions because he did not become aware of such grounds until August 2010. Pet'r's Resp. in Opp'n at 10-11 (ECF No. 28, filed Apr. 25, 2011).

**A. 28 U.S.C. § 2241**

Petitioner does not challenge his original convictions or sentences. He challenges the execution of his sentence and accordingly proceeds under 28 U.S.C. § 2241. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ( "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity."); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir. 1992) (Section 2255 cannot be used to challenge decision to deny parole by Parole Commission after imposition by court of sentence).

3

Under § 2241, therefore, Petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### B. 28 U.S.C. § 2244

As originally enacted, Title 28 United States Code Section 2244 provided that

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States, or of any State, if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

28 U.S.C. § 2244 (1964 ed.). In 1966, § 2244 was amended and split into three parts. The reference to state prisoners was deleted from subparagraph (a), but its other provisions remained intact. Congress added subparagraph (b) to address repetitive applications by state prisoners.[3] As part of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA), Congress again amended § 2244(a). That section now reads:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as governed in section 2255.

28 U.S.C. § 2244(a). Therefore, the statutory prohibition on successive petitions for writ of habeas corpus under § 2244(a) applies to an individual in custody "pursuant to a judgment of a court of the United States. . . ."

---

[3]Congress included language in subparagraph (c) which is not relevant to the current circumstance. *See* 28 U.S.C. § 2244(c).

### C. PETITIONER'S INCARCERATION STATUS

Petitioner is currently serving a cumulative sentence of seventy-one and a half (71.5) years for sentences imposed by the Superior Court of the District of Columbia (D.C.). Therefore, even though currently incarcerated at FCI – Estill, he is not a prisoner incarcerated pursuant to a judgment of a United States District Court. He is a District of Columbia prisoner incarcerated in the United States Bureau of Prisons (BOP).[4]

The D.C. Circuit Court treats the "local [District of Columbia] courts as state courts for the purposes of . . . federal habeas corpus jurisdiction." *Milhouse v. Levi*, 548 F.2d 357, 360 n.6 (D.C. Cir.1976) (internal quotation omitted). *See also Garris v. Lindsay*, 794 F.2d 722, 724 n.8 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986); *Madley v. U.S. Parole Comm'n*, 278 F.3d 1306, 1308-10 (D.C. Cir. 2002) (applying *Garris* to a revised version of 28 U.S.C. § 2253). The "D.C. Circuit has consistently held that when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a state prisoner, when the prisoner is held under a conviction of the D.C. Superior Court." *Banks v. Smith*, 377 F. Supp. 2d 92, 94–5 (D.D.C. 2005). *Cf. Bailey v. Fulwood*, 780 F. Supp. 2d 20 (D.D.C. 2011) (prisoner serving sentenced imposed by the Superior Court was "therefore a state prisoner"); *Nash v. Wendt*, 2008 WL 4646336 *2 (N.D.W.Va. 2008) (citing *Garris* for proposition that for "purposes of federal habeas corpus law, convictions in the District of Columbia Superior Court for offenses under the District of Columbia Criminal Code are considered 'state convictions.'"). The Fourth Circuit takes this position relating to appeals of § 2241 petitions by D.C. Code offenders, requiring petitioners to obtain a certificate of appealability under §

---

[4]The Revitalization Act also initiated a process by which all D.C. Code offenders would be housed in facilities operated or contracted for by the BOP.

5

2253(c)(1) in order to appeal an adverse decision in a § 2241 petition. *See*, *e.g.*, *Simmons v. O'Brien*, 267 F. App'x 264, 265 (4th Cir. 2008) (citing *Madley* and requiring petitioner convicted in a District of Columbia court to obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) in order to appeal the denial of his § 2241 petition); *Small v. Stansberry*, 258 F. App'x 552, 553 (4th Cir. 2007) (same).

Therefore, as a clear weight of authority deems Petitioner a "state" prisoner for consideration of habeas corpus petitions, the court finds that for purposes of consideration of this petition, Petitioner is a "state" prisoner.[5]

**D. 28 U.S.C. § 2244(A)**

As noted above, § 2244(a) provides

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person *pursuant to a judgment of a court of the United States* if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as governed in section 2255.

(Emphasis added).

Section 451 of Title 28 defines "court of the United States" to

> include[] the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

---

[5]The court finds further support for this finding in the fact that Congress has specified that the courts of the District of Columbia are deemed state courts for certain purposes, 28 U.S.C. §§ 1257 (certiorari), 1451 (removal), 2113 (other Supreme Court review under chapter 133), or that laws limited in effect to the District are deemed not federal laws for certain purposes, 28 U.S.C. § 1366 (chapter 85 district court jurisdiction), or that the District itself would be deemed a state for certain purposes. 28 U.S.C. §§ 1332 (diversity jurisdiction), 1367 (supplemental jurisdiction).

6

The District of Columbia Courts are courts created by Congress under Article I of the Constitution. D.C. Code § 11-101(2) (establishing the local District of Columbia courts "pursuant to Article I of the Constitution"). Judges appointed to the District of Columbia Superior Court or the District of Columbia Court of Appeals serve for a term of fifteen years. D.C. Code § 11-1502. Therefore, because these are Article I courts and the judges serve a specific tenured term, these courts do not meet the definition of "courts of the United States" under § 2244(a).

As noted by the Tenth Circuit

> A cursory reading of § 2244(a)-which applies to habeas corpus applications filed by people who are in custody "pursuant to a judgment of a court of the United States"-suggests that § 2244(a) never applies to state prisoners as they are never in state custody pursuant to a judgment of a court of the United States (i.e., a federal court). Similarly, a reading of § 2244(b) suggests that it, too, may be inapplicable in this case since it addresses only applications filed under § 2254. *See*, *e.g.*, *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) (noting that neither § 2244(a) nor § 2244(b) applies to § 2241 petitions brought by non-federal prisoners).

*Mathes v. Saffle*, 35 F. App'x 746, 748 n.1 (10th Cir. 2002) (unpublished). Therefore, by its terms, § 2244(a)[6] would not bar this petition, because Petitioner is not detained "pursuant to a judgment of a court of the United States." 28 U.S.C. § 2244(a).

The Report indicates courts have found that "§ 2244(a) bars successive petitions under § 2241 directed to the same issue." Report at 5. The cases cited by the Magistrate Judge are not persuasive here, as all of the cases except one deal with federal prisoners serving federal sentences.[7]

However, even if § 2244(a) does not bar Petitioner's application, the petition is barred under the common law "abuse of the writ" doctrine enunciated in *McCleskey v. Zant*, 499 U.S. 467 (1991).

---

[6]Section § 2244(b), by its terms, applies only to petitions brought under § 2254. *See Felker v. Turpin*, 518 U.S. 651 (1996). Section 2244(b) provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[7]In *Singletary v. Dewalt*, 2005 WL 1162940 (E.D. Va. 2005), petitioner was a District of Columbia prisoner who, like Petitioner, filed a second or successive § 2241 petition. This unpublished decision is unpersuasive, as the Magistrate Judge simply assumes petitioner was a "federal" prisoner. Moreover, this unpublished decision is a Report and Recommendation of a United States Magistrate Judge, and not the final decision of the district judge.

### E. ABUSE OF THE WRIT DOCTRINE

"[R]epetitive collateral litigation has absorbed the attention of Congress and the federal courts for at least a century." *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004). To this end, courts developed a judicial doctrine whereby a second or successive habeas application for writ of habeas corpus seeking to raise a claim that was or could have been litigated in an earlier proceeding is precluded. *See generally McCleskey v. Zant*, 499 U.S. 467 (1991). In *McCleskey*, the Supreme Court explained that by prohibiting prisoners from filing multiple petitions for relief from the same judgment, the "abuse of the writ" doctrine serves the important ends of finality, resource efficiency, certainty, and stability. *Id*. at 491-96. The Court outlined the contours of the doctrine in detail, as follows:

> When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. The burden to disprove abuse then becomes the petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions. The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard. If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.

*Id*. at 494-95.

To carry his burden of demonstrating that no abuse of the writ has occurred, a petitioner must explain why he failed to raise the instant issues in the prior petition. An abuse of the writ can be excused under only two circumstances: (1) if he establishes "cause and prejudice," *i.e.*, that some

objective factor external to the petitioner's actions impeded efforts to raise the claim earlier[8] and that actual prejudice resulted from the alleged errors, or; (2) if petitioner demonstrates that a fundamental miscarriage of justice would result from a failure to entertain the claim. *See id.*

As is important to the current petition, this common law writ was enhanced – but not supplanted – by the AEDPA amendments to § 2244. *United States v. Barrett*, 178 F.3d 34, 44 (1st Cir.1999) ("The core of the AEDPA restrictions on second or successive [habeas] petitions is related to the longstanding judicial and statutory restrictions embodied in the form of res judicata known as the 'abuse of the writ' doctrine."). *See generally Felker v. Turpin*, 518 U.S. 651, 663-64 (1996) (describing the place of § 2244 in the evolution of the abuse of the writ doctrine).

### F. FACTS UNDERLYING CURRENT PETITION

On May 25, 1977, Petitioner was convicted in the Superior Court for the District of Columbia for sodomy, assault with a deadly weapon, prison breach and petit larceny. The court imposed consecutive sentences of ten years each for the sodomy and assault with a deadly weapon, three years for prison breach, and six months for petit larceny. On July 15, 1983, Petitioner was released to a halfway house, from which he escaped on or about November 25, 1983. As a result, Petitioner's grant of parole was delayed.

Petitioner was re-arrested in early January 1984 and charged with armed robbery. He was convicted of this charge after a jury trial, and on October 30, 1985, the D.C. Superior Court sentenced him to 48 years' imprisonment for this conviction. Pursuant to a July 27, 1998, decision of the D.C. Board of Parole, Petitioner was released on parole on February 16, 1999.

---

[8] "Significantly, the cause inquiry focuse[s] on whether the applicant was prevented from including a particular claim in his most recent application." *In re Williams*, 364 F.3d at 239.

While released on parole, Petitioner violated a protective order and was convicted of disorderly conduct. As a result of these criminal and other violations, the D.C. Board of Parole revoked his parole and ordered that he be considered for reparole by February 7, 2003. The USPC[9] conducted a reconsideration hearings for Petitioner on December 3, 2003 and on December 19, 2003, issued an NOA (hereinafter "December 2003 NOA") which provided for a presumptive parole date of April 9, 2005.

Based on new information from one of Petitioner's victims the USPC rescinded that order in a Notice of Action (NOA) dated June 5, 2004 (hereinafter "June 2004 NOA"), and ordered that a special reconsideration hearing be held pursuant to 28 C.F.R. § 2.28(f). Petitioner was served with a copy of this NOA and was aware of it no later than June 29, 2004, when he cited the June NOA in a filing in the District of Kansas. *See Boling v. Mundt*, D. Kan. Civil Action No. 5:04-3078-RDR, "Traverse," ECF No. 14 at 3, 16 (filed in District of Kansas July 1, 2004).[10]

On July 13, 2004, Petitioner's parole reconsideration hearing was continued due to the late disclosure to Petitioner of material on which the USPC intended to rely. The hearing was ultimately held on November 30, 2004. Petitioner refused to attend the November 30, 2004, hearing.

---

[9]The USPC assumed responsibility for making parole release determinations for all eligible D.C. Code offenders on August 5, 1009, pursuant to the Revitalization Act. The Act requires the Commission to follow the existing parole laws and rules of the District of Columbia, but also gives the Parole Commission "exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons . . . ." D.C. Code §§ 24-131(a)(1) and (c).

[10]Courts "may properly take judicial notice of matters of public record." *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). A review of the public docket sheet and filings in *Boling v. Mundt* reveals that Petitioner executed his Traverse on June 29, 2004, and it was received in the District Court for filing on July 1, 2004.

11

As a result of this hearing, the USPC issued an NOA on January 4, 2005 (hereinafter "January 2005 NOA"), which voided Petitioner's presumptive parole date of April 5, 2005, and continued Petitioner to a fifteen-year reconsideration date of December 2018. The January 2005 NOA also set Petitioner for a review hearing during November 2006.

### G. HABEAS FILINGS

Petitioner has filed several previous habeas petitions. For purposes of assessing the viability of the current petition, the court declines to adopt the Report's recitation of Petitioner's filings in various courts prior to 2004 as relevant evidence that Petitioner is a "serial writ abuser." Mot. to Dismiss at 4. Petitioner could not have raised the claim he now asserts before June 5, 2004, the date of the USPC's NOA reopening the December 2003 parole hearing for special reconsideration. Therefore, the court takes into account only petitions filed since 2004.

#### G.1 *BOLING V. MUNDT, ET AL.* – DISTRICT OF KANSAS

On March 5, 2004, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the District of Kansas.[11] The petition sought to vacate the USPC's December 19 NOA. The petition alleged that in the December 2003 NOA, the USPC violated the Ex Post Facto Clause in failing to apply the District of Columbia parole statute in effect at the time of Petitioner's conviction in 1983; that its decision to set his presumptive parole date for 2005 was arbitrary and capricious and was purely punitive; and that the USPC had engaged in improper "double counting" in reaching its decision. *See generally* Exh. 21 to Resp'ts' Mot. (ECF No. 23-21). Petitioner's

---

[11]Petitioner was housed at USP-Leavenworth, Kansas, at the time he filed this § 2241 petition.

requested relief was that the December 2003 NOA be vacated, and he be set for a new parole hearing. *Id*. at 17.

During the pendency of the petition in the District of Kansas, the USPC issued the June 2004 NOA, reopening Petitioner's December 3, 2003, parole hearing and scheduled a special reconsideration hearing.[12] Indeed, the special reconsideration hearing and the January 2005 NOA occurred while the District of Kansas § 2241 petition was pending. Petitioner did not, as is important to the case at bar, ever move to amend the Kansas petition to assert any grounds for relief relating to the claims he now asserts.

On March 26, 2007, the district court dismissed that petition with prejudice, finding no merit to Petitioner's arguments. United States District Judge Richard D. Rogers found that "[s]ignificantly, petitioner did not amend or supplement his petition to allege any specific constitutional violation by the Commission concerning the reopened [parole] proceeding or in the Notice of Action issued on January 5, 2005." ECF No. 23-22 at 6 (Order of United States District Judge Richard D. Rogers dated March 26, 2007). Finding that Petitioner's requested relief was not mooted by the vacating of the December 2003 NOA, the court reached the merits of the petition, and granted Respondents' motion for summary judgment. Petitioner appealed this decision and it was affirmed by the Tenth Circuit Court of Appeals. *See Boling v. Mundt*, 261 F. App'x 133, 136 (10th Cir. 2008) (also noting that petitioner "did not amend or seek to withdraw his petition before the district court in light of the January 2005 Notice of Action.").

---

[12]The NOA indicated that "[t]he Commission has determined that there is significant adverse information in your file that was not considered in making the decision contained in the Notice of Action dated December 19, 2003." Exh. 12 to Resp'ts' Mot. at 3 (ECF No. 23-12).

13

### G.2 *BOLING V. SMITH, ET AL.* – **MIDDLE DISTRICT OF PENNSYLVANIA**

On May 5, 2005, while the petition District of Kansas petition was still pending, Petitioner filed a second § 2241 petition in the United States District Court for the Middle District of Pennsylvania[13] in which he alleged certain constitutional and facial defects in the issuance and execution of the parole violator warrant issued by the D.C. Board of Parole in 1999. Petitioner did not include any of the issues he now raises in the current petition before this court. United States District Judge Edwin M Kosik did not acknowledge that the District of Kansas petition was pending, and reached the merits of the petition, awarding summary judgment to Respondents on October 13, 2005.

### G.3 *BOLING-BEY V.U.S. PAROLE COMMISSION, ET AL.* – **DISTRICT OF COLUMBIA & DISTRICT OF KANSAS**

On August 31, 2005, Petitioner filed a civil rights complaint in the United States District Court for the District of Columbia, alleging that the revocation of his parole in 2000 was motivated by racial animus and conducted in violation of his due process rights. He sought compensatory damages, and declaratory and injunctive relief. United States District Judge John D. Bates found that the court lacked personal jurisdiction over any of the properly-named individual defendants and transferred the case to the District of Kansas on April 19, 2006.

Upon its transfer to the District of Kansas, the case was assigned to United States Senior District Judge Sam A. Crow. Judge Crow issued a show cause order, directing Petitioner to show

---

[13] At the time the petition was filed, Petitioner was housed at FCI-Allenwood, Pennsylvania.

cause why the complaint should not be construed as a *Bivens*[14] action and dismissed for failure to state a claim.[15] Petitioner did not respond, and the complaint was dismissed on June 11, 2008.

### G.4 *BOLING-BEY V.U.S. PAROLE COMMISSION, ET AL.* – MIDDLE DISTRICT OF PENNSYLVANIA

On May 10, 2007, Petitioner filed another § 2241 habeas petition with the United States District Court for the Middle District of Pennsylvania in which he challenged the January 2005 NOA. Petitioner argued that the reopening of his reparole hearing and the setting of a fifteen-year reconsideration date was motivated by racial animus, a conspiracy among various BOP and USPC officials, and was in retaliation for his filing of both a grievance against his case worker and the 2004 District of Kansas § 2241 petition. Petitioner also argued that he suffered both due process and equal protection violations relating to the November 30, 2004, reparole hearing, and that the action of the Commission in reopening his reparole hearing was arbitrary and capricious based on these alleged violations.

The district court found that "there is no question that Petitioner filed an earlier habeas corpus petition and that, at that time, he was aware of the claims set forth in the instant habeas petition." Exh. 29 to Resp'ts' Mot. at 6 (ECF No. 23-29) (Memorandum Order of United States District Judge Edwin M. Kosik). United States District Judge Edwin M. Kosik found that the

---

[14]*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[15]In the Show Cause Order, Judge Crow noted that "[t]o the extent plaintiff seeks declaratory judgment to invalidate the January 2005 parole decision, and injunctive relief to obtain his immediate release on parole, plaintiff must pursue such relief in a habeas action filed under 28 U.S.C. § 2241, as plaintiff attempted without success regarding his challenge to the [December 2003 NOA]." Exh. 27 to Resp'ts' Mot. at 10 (ECF No. 23-27). Judge Crow did not acknowledge that Judge Rogers had reached the merits of any claims relating to the January 2005 NOA when Judge Rogers found that the issuance of the January 2005 NOA did not moot Petitioner's pending claims.

15

petition should be dismissed as an abuse of the writ as "Petitioner confuses the concepts of dismissal on the basis of filing a successive petition with the concept of dismissal for abuse of the writ where a petition fails to raise an issue in an earlier petition that could have been raised at that time." *Id.* at 7.

### H. DISCUSSION

Based on Petitioner's filings since 2004, the court finds the current petition should be dismissed as an abuse of the writ. Even discounting the 2005 petition filed in the Middle District of Pennsylvania challenging the parole violator warrant and the civil rights action filed in the District of Columbia (and later transferred to the District of Kansas), Petitioner could have raised the issues he currently raises in at least two earlier petitions, but made no effort to raise them.[16] Importantly, Petitioner made no attempt to amend his 2004 petition filed in the District of Kansas which was not dismissed until March 26, 2007, well after the January 2005 NOA setting his parole reconsideration date for 2018. Judge Rogers' order reaching the merits of Petitioner's claims related to the January 2005 NOA forecloses this matter absent Petitioner establishing cause and prejudice or showing that failure to consider his claims would result in a miscarriage of justice.

Petitioner seeks to establish cause for his failure to include these grounds for relief in earlier petitions by arguing that he could not have included the claims he currently raises because "the letter by the U.S. Parole Commission . . . that informed [Petitioner] that the Commission failed to use the proper Guidelines did not come into existence until[] August 2010." Resp. at 10-11. However, this

---

[16]Petitioner arguably could have included his current grounds for relief in the § 2241 application filed in the Middle District of Pennsylvania challenging the parole violator warrant, as it was filed after the January 2005 NOA was issued. Because the District of Columbia case sought compensatory damages, it was construed as a civil rights action and the current claims would not have properly been brought in that action.

16

argument is without merit, as the letter in question goes to the reopening of Petitioner's parole hearing, not to the Guidelines used during the hearing itself.[17] Additionally, even if it could be argued that the Commission erred in reopening Petitioner's hearing under the C.F.R. section which is applicable to federal prisoners, Petitioner was aware that the USPC used this section (28 C.F.R. § 2.28(f)) to reopen his parole hearing by (as found above) no later than June 29, 2004. Accordingly, Petitioner has not established cause to excuse his failure to include the current grounds for relief in earlier petitions.

In an effort to argue that failure to consider the petition would result in a fundamental miscarriage of justice, Petitioner argues that he is "innocent of the 15 year reconsideration and the

---

[17]The USPC reopened Petitioner's December 2003 parole hearing pursuant to 28 C.F.R. 2.28(f). That section states

> New adverse information. Upon receipt of new and significant adverse information that is not covered by paragraphs (a) through (e) of this section, a Commissioner may refer the case to the National Commissioners with his recommendation and vote to schedule the case for a special reconsideration hearing. Such referral shall automatically retard the prisoner's scheduled release date until a final decision is reached in the case. The decision to schedule a case for a special reconsideration hearing shall be based on the concurrence of two Commissioner votes, including the vote of the referring Commissioner. The hearing shall be conducted in accordance with the procedures set forth in §§ 2.12 and 2.13. The entry of a new order following such hearing shall void the previously established release date.

However, because Petitioner is a D.C. Code offenders, the Commission should have cited to 28 C.F.R. 2.86(b) when it reopened his hearing. That section provides:

> The Commission may reconsider any grant of parole prior to the prisoner's actual release on parole, and may advance or retard a parole effective date or rescind a parole date previously granted based upon the receipt of any new and significant information concerning the prisoner, including disciplinary infractions. The Commission may retard a parole date for disciplinary infractions (e.g., to permit the use of graduated sanctions) for up to 120 days without a hearing, in addition to any retardation ordered under § 2.83(d).

17

reopening of his parolegranted [sic] parole date for April 5, 2005." Resp. at 15. This argument has no merit.

Accordingly, Petitioner has not met his burden to prove that this matter should not be dismissed as an abuse of the writ.

## I. CONCLUSION

Respondents' motion to dismiss or for summary judgment is granted and this matter is dismissed as an abuse of the writ.[18]

### CERTIFICATE OF APPEALABILITY

The governing law[19] provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

---

[18]In dismissing under this doctrine, the court declines to reach the merits of the petition.

[19]As noted above, for purposes of obtaining a certificate of appealability, Petitioner is deemed to be in custody pursuant to a judgment of a state court. *Madley*, *supra*, 278 F.3d at 1309.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 13, 2011